1 Desmond J. Hinds (SBN 105831)
  dhinds@hinshawlaw.com
2 Filomena E. Meyer (SBN 151410)
  fmeyer@hinshawlaw.com
3 HINSHAW & CULBERTSON LLP
  11601 Wilshire Boulevard, Suite 800
4 Los Angeles, CA 90025
  Telephone: 310-909-8000
5 Facsimile: 310-909-8001

6 Attorneys for Plaintiff,
  AB INVESTMENTS LLC, a Colorado Limited Liability Company

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                              CV09-02983 RGK (FFMx)

11 AB INVESTMENTS LLC, a Colorado    ) Case No.
   Limited Liability Company;         )
12                                     ) COMPLAINT FOR:
            Plaintiff,                 )
13                                     ) (1)  Breach of Agreement to Deliver
        vs.                            )      the Neuralstem Certificate;
14                                     )
   REGAL ONE CORPORATION, a           ) (2)  Specific Performance of
15 Florida corporation; MALCOLM       )      Agreement to Deliver the
   CURRIE, an individual residing in  )      Neuralstem Certificate;
16 California; CARL PERRY, an individual )
   residing in California; NEIL       ) (3)  Fraud Regarding Delivery of
17 WILLIAMS, an individual residing in )      the Neuralstem Certificate;
   Florida, and CHARLES J. NEWMAN,    )
18 an individual residing in Arizona,  ) (4)  Violation of Section 10(b) of the
                                       )      Securities Exchange Act and
19          Defendants.                )      Rule 10(b)(5);
                                       )
20                                     ) (5)  Breach of Fiduciary Duty;
                                       )
21                                     ) (6)  Conversion of the Neuralstem
                                       )      Certificate;
22                                     )
                                       ) (7)  Breach of Agreement to Deliver
23                                     )      the Regal Certificate;
                                       )
24                                     ) (8)  Specific Performance of
                                       )      Areement to Deliver the Regal
25                                     )      Certificate; and
                                       )
26                                     ) (9)  Conversion of Regal  Certificate
                                       )
27                                     ) [DEMAND FOR JURY TRIAL
                                       ) FILED CONCURRENTLY
28                                     ) HEREWITH]

                                1
                            COMPLAINT

Plaintiff AB INVESTMENTS LLC, a Colorado Limited Liability Company, hereby alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter under 28 U.S.C. section 1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. Further, this Court has subject matter jurisdiction over the action pursuant to Section 27 of the Securities Exchange Act of 1934 (hereinafter referred to as the "Exchange Act"), 15 U.S.C section 78aa and 28 U.S.C. section 1331 (federal question).

2.     Venue is proper in this judicial district under 28 U.S.C. section 1391(a) as well as under Section 27 of the Exchange Act in that a substantial portion of the claims asserted in this action arose in this district, the situs of the property at issue is located in this district, defendant Regal One Corporation has its principal place of business in this district, transacts substantial business herein, and because many of the acts, transactions, and occurrences alleged below, occurred in this district.

## THE PARTIES

3.     Plaintiff AB INVESTMENTS LLC (hereinafter referred to as "ABI") is, and was at all times mentioned herein, a limited liability company duly organized under the laws of the State of Colorado, having its principal place of business in Evergreen, Colorado. ABI is authorized to transact business in the State of California as BB & RU LLC.

4.     Defendant REGAL ONE CORPORATION (hereinafter referred to as "Regal") is, and was at all times mentioned herein, a corporation organized under the laws of the State of Florida, having its principal place of business in Los Angeles, California. Regal is a publicly traded corporation registered with the Securities and Exchange Commission under Section 12(g) of the Securities Exchange Act of 1934 and is further registered under the Investment Company Act of 1940.

31137836v1  838180  2866

1    5.    ABI is informed and believes, and based thereon alleges, that defendant

2    MALCOLM CURRIE (hereinafter referred to as "Currie") is, and was at all times

3    mentioned herein, an individual residing in Agoura, California.   ABI is further

4    informed and believes that at all relevant times until his resignation on or about June

5    16, 2008, Currie was the Chief Executive Officer, Chief Financial Officer and

6    Chairman of Regal's Board of Directors.  ABI is further informed and believes, and

7    based thereon alleges, that at all times relevant hereto, Currie served and continues to

8    serve on Regal's Board of Directors.

9    6.    ABI is informed and believes, and based thereon alleges, that Currie was

10    the alter-ego of Regal and that Currie, at all relevant times, dominated, influenced and

11    controlled Regal; that at all times herein mentioned, there existed and exists, a unity of

12    ownership and management between them; that the individuality and separateness of

13    Regal is non-existent; that Regal was, and is, a mere shell and naked framework which

14    Currie used to conduct his affairs; that the assets of Regal and Currie were and are

15    intermingled with the other to suit each other's convenience; that Regal has failed to

16    observe corporate formalities in the conduct of its businesses, and that Regal was, and

17    remains, inadequately capitalized; and that an injustice and fraud upon ABI will result

18    if the theoretical separateness of Regal is not disregarded and Regal and Currie held

19    responsible for the sums and relief herein sought.

20    7.    ABI is informed and believes, and based thereon alleges, that defendant

21    CHARLES J. NEWMAN (hereinafter referred to as "Newman") is, and was at all

22    times mentioned herein, an individual residing in Scottsdale, Arizona. ABI is further

23    informed and believes that Newman became the Chief Executive Officer, Chief

24    Financial Officer and Chairman of Regal's Board of Directors on June 17, 2008.

25    8.    ABI is informed and believes, and based thereon alleges, that defendant

26    CARL PERRY (hereinafter referred to as "Perry") is, and was at all times mentioned

27    herein, an individual residing in Santa Barbara, California.  ABI is further informed

28

COMPLAINT

31137836v1 838180 2866

1 and believes that at all times relevant herein, Perry was a member of Regal's Board of
2 Directors.

3       9.   ABI is informed and believes, and based thereon alleges, that defendant
4 NEIL WILLIAMS (hereinafter referred to as "Williams") is, and was at all times
5 mentioned herein, an individual residing in Coral Springs, Florida. ABI is further
6 informed and believes that Williams was a member of Regal's Board of Directors at
7 all times relevant hereto. Defendants Currie, Newman, Perry and Williams shall
8 hereinafter be collectively referred to as the "Individual Defendants" unless otherwise
9 specified.

10      10.   ABI is informed and believes, and based thereon alleges, that the
11 Individual Defendants, by reason of their direct and substantial management positions
12 and responsibilities during the time relevant to this Complaint were "controlling
13 persons" of Regal within meaning of Section 20 of the Exchange Act, had the power
14 and influence to control Regal, and exercised such control to cause Regal to engage in
15 the violations and improper practices complained of herein.

16      11.   ABI is informed and believes, and based thereon alleges, that at all times
17 herein mentioned, the Individual Defendants were the agents and/or employees of
18 Regal, and in doing the things hereinafter alleged, were acting within the course and
19 scope of such agency and/or employment; that in doing the acts and omissions herein
20 alleged, each defendant acted with the knowledge, permission, and consent of every
21 other defendant; and that each defendant aided and/or abetted the other defendants in
22 the acts and omissions alleged herein.

23 **FIRST CLAIM FOR RELIEF**

24 **(Breach of Agreement to Deliver the Neuralstem Certificate**

25 **Against All Defendants)**

26      12.   ABI refers to the allegations contained in paragraphs 1 through 11 of this
27 Complaint, inclusive, and by reference thereto, incorporates the same herein as though
28 fully set forth.

4
COMPLAINT

13.    Regal is a business development corporation which recruits and assists fledgling companies in listing their securities in the over-the-counter market and becoming publicly traded.  In consideration for Regal's services, these incipient companies typically compensate Regal for its services in capital stock.

14.    Neuralstem, Inc. (hereinafter referred to as "Neuralstem") is an emerging biotechnology company focused on developing and commercializing human neural stem cell technology in the field of regenerative medicine.

15.    On June 22, 2005, later amended on September 15, 2005, Neuralstem and Regal entered into a written Equity Investment and Share Purchase Agreement pursuant to which Neuralstem transferred 1,845,287 shares to Regal in exchange for Regal's services in taking the company public.

16.    In turn, on January 23, 2006, Regal declared in writing that all of its shareholders of record as of February 15, 2006 would receive a dividend of a total of 500,000 shares of Neuralstem common stock to be distributed on a pro rata basis.  The dividend, according to Regal, would be distributed to qualifying Regal shareholders after Neuralstem's SB-2 registration statement was declared effective by the Securities and Exchange Commission (hereinafter, the "Agreement").

17.    As of February 15, 2006, ABI owned 38,415 shares of Regal's Series B Preferred Stock which shares are convertible into 27.37% of Regal's common stock. ABI, Regal's largest shareholder, was and is, entitled to its pro rata share of the Neuralstem dividend pursuant to the Agreement.

18.    ABI is informed and believes, and based thereon alleges, that Neuralstem's registration was declared effective in late 2007.

19.    ABI is informed and believes, and based thereon alleges, that except for ABI, most qualifying Regal shareholders entitled to the Neuralstem dividend had received their share certificates by March 2008.  Upon receipt of such share certificates, these shareholders could then sell their Neuralstem shares on the open market.

31137836v1 838180 2866

20.    ABI is informed and believes, and based thereon alleges that unbeknownst to ABI and in breach of their agreement to distribute ABI's Neuralstem dividend to ABI, Regal instead instructed Neuralstem's transfer agent to deliver ABI's stock certificate to Currie, Regal's Chief Executive Officer. Thus, the Neuralstem transfer agent issued a Neuralstem Stock Certificate in the amount of $134,595 shares in the name of "AB Investments Inc. [sic]" (the "Neuralstem Certificate") but pursuant to Currie's instructions, indicated on the Neuralstem Certificate that it was to be delivered to Currie's address at 28780 Wagon Road, Agoura Hills, California, instead of to ABI. None of these facts was known to ABI.

21.    ABI is informed and believes, and based thereon alleges that again unbeknownst to ABI, the Neuralstem Certificate was thereafter delivered to Currie who acknowledged receipt of the same on Regal's behalf. Currie, however, did not relay to ABI that its Neuralstem Certificate had in fact been issued and was in Currie's possession until sometime in June of 2008.

22.    Despite demand therefor, Regal has refused to transfer the Neuralstem Certificate to ABI, thus preventing ABI from selling its shares of Neuralstem stock. Further, Defendants have been denying ABI its rights as the largest shareholder in Regal by refusing to provide it with notices of shareholder meetings and refusing thereby to ensure its participation and consent in matters and decisions which require shareholder involvement and/or consent.

23.    On March 20, 2009, Currie admitted for the first time that Regal had withheld the Neuralstem Certificate from ABI for the purpose of influencing or manipulating Neuralstem stock prices.

24.    ABI has performed all conditions and obligations required to be performed by it under the Agreement, except for those conditions that were excused by the acts or conduct of the Defendants or which the Defendants prevented ABI from performing.

31137836v1 838180 2866

25.   ABI is informed and believed, and based thereon alleges that during the relevant period, the Neuralstem common shares were trading at its highest at about $5.40 a share.  Thereafter, the prices of the shares dropped to below a dollar per share. But for the wrongful acts of Defendants, ABI alleges that it would have been able to sell its 134,595 shares of Neuralstem stock at about $5.40 per share and could have realized $726,813.00.  Therefore, as a direct and proximate result of the Defendants' breaches of the Agreement, ABI suffered damages in an amount to be proven at trial, but certainly in excess of $700,000.

## SECOND CLAIM FOR RELIEF

### (Specific Performance of Agreement to Deliver the Neuralstem Certificate Against All Defendants)

26.   ABI refers to the allegations contained in paragraphs 1 through 25 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

27.   Defendants repudiated their obligations under the Agreement by deliberately diverting the delivery of the Neuralstem Certificate to themselves, by thereafter withholding the Neuralstem Certificate from ABI, by failing to advise ABI that they had received and were holding on to the Neuralstem Certificate and by refusing and continuing to refuse to deliver the Neuralstem Certificate to ABI.

28.   ABI has performed all conditions and obligations required to be performed by it under the Agreement, except for those conditions that were excused by the acts or conduct of the Defendants or which the Defendants prevented ABI from performing.

29.   The consideration in the Agreement is adequate and the terms of the Agreement are just and reasonable.

30.   ABI has no adequate remedy at law in that the Neuralstem Certificate is unique and thus, damages would be difficult to ascertain and would not afford

31137836v1 838180 2866

1    adequate relief. ABI is entitled to an order requiring Defendants to convey to ABI the

2    Neuralstem Certificate.

### THIRD CLAIM FOR RELIEF

3

4    **(Fraud and Deceit Regarding Delivery of the Neuralstem Certificate**

5    **Against All Defendants)**

6        31.   ABI refers to the allegations contained in paragraphs 1 through 25 of this

7    Complaint, inclusive, and by reference thereto, incorporates the same herein as though

8    fully set forth.

9        32.   ABI alleges that on January 23, 2006, Regal, through Currie, represented

10   to ABI that as a shareholder of record as of that date, it would receive a pro rata

11   dividend of a total of 500,000 shares of Neuralstem common stock; that the dividend

12   would be distributed to ABI after the date Neuralstem's SB-2 registration statement

13   was declared effective by the Securities and Exchange Commission; that the dividend

14   would be delivered to ABI following the effective date of Neuralstem's registration,

15   and that ABI would be informed of its distribution date.

16       33.   ABI alleges that receipt of its share of such dividends was a material

17   inducement to ABI in agreeing to participate and invest in Regal, and in continuing to

18   maintain its status as a Regal shareholder. ABI further reasonably and justifiably

19   relied on Defendants' omissions as to the actual date of distribution in not earlier

20   demanding delivery of the Neuralstem Certificate. Further, Defendants' omissions

21   prevented ABI from selling its shares of Neuralstem stock. At the times the

22   representations were made by Currie on Regal's behalf, ABI was ignorant of their

23   falsity and believed them to be true.

24       34.   ABI is further informed and believes, and based thereon alleges, that the

25   true facts are that Defendants had no honest and good faith intention to honor the

26   terms of the Agreement in that, among other things, Defendants thereafter failed to

27   disclose to ABI that the Neuralstem Certificate had issued, advised Neuralstem's

28   transfer agent to deliver the Neuralstem Certificate to Currie and not to ABI, and

31137836v1  838180  2866

1  withheld and continue to withhold the Neuralstem Certificate from ABI.   ABI is
2  further informed and believes, and based thereon alleges, that Defendants never
3  intended to perform these promises when they were made but made the promises
4  intending that ABI rely on these promises. Rather, Defendants had always intended to
5  wrongfully delay the delivery of the Neuralstem Certificate to ABI to prevent ABI
6  from trying to sell its shares in Neuralstem, and manipulate the market price of
7  Neuralstem shares by limiting the supply of available stock.

8      35.   As a direct and proximate result of Defendants' fraud, ABI has been
9  damaged in an amount to be proven at trial but, in no event less than the jurisdictional
10 minimum of this Court.

11     36.   ABI is informed and believes, and based thereon alleges, that
12 Defendants, in doing the acts and making the misrepresentations and fraudulent
13 concealments as set forth hereinabove, acted purposefully to induce ABI into
14 investing in Regal as a shareholder and continuing to maintain its interest in the
15 company, to delay ABI's demand for the Neuralstem Certificate and thereby curtail its
16 ability to sell its share of Neuralstem stock so as to manipulate the market price of the
17 same, to keep ABI in the dark concerning Defendants' true intentions, all to the
18 detriment of ABI, and in conscious disregard of ABI's rights.  In so doing, Defendants
19 acted maliciously and fraudulently with the direct purpose and plan to oppress ABI, to
20 injure and financially damage ABI for Defendants' financial gain and advantage, and
21 by reason thereof, ABI prays herein for and alleges that ABI is entitled to recover
22 exemplary and punitive damages by way of making an example of and punishing
23 Defendants.

24 **FOURTH CLAIM FOR RELIEF**
25 **(Violation of Section 10(b) of the Exchange Act and Rule 10(b)(5)**
26 **Against All Defendants)**

27     37.   ABI refers to the allegations contained in paragraphs 1 through 25, and
28 paragraphs 32 through 34 of this Complaint, inclusive, and by reference thereto,

31137836v1 838180 2866

incorporates the same herein as though fully set forth.

38.    This claim arises under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder.

39.    In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails, telephone communications, and the facilities of the national securities exchanges.

40.    At all relevant times, Defendants, individually and in concert, directly and indirectly, engaged and participated in a continuous course of conduct and conspiracy to conceal the issuance of the Neuralstem Certificate from ABI and to withhold the same from ABI to prevent ABI from selling its share of Neuralstem stock. Defendants employed devices, schemes, and artifices to defraud and recklessly engaged in acts, practices, and a course of conduct as herein alleged in an effort to manipulate the market prices for the common stock of Neuralstem by limiting the available supply thereof.

41.    The Individual Defendants acted as controlling persons of Regal within the meaning of Section 20(a) of the Exchange Act.  By reason of their positions as senior officers and directors of Regal, the Individual Defendants had the power and authority to cause or to prevent the wrongful conduct complained of herein.

42.    Defendants' acts and practices operated as a fraud and deceit upon ABI in connection with the issuance of Neuralstem's securities.

43.    Defendants' conduct particularized above were false and misleading. By acting in such fashion, Defendants artificially manipulated the market price of Neuralstem's stock and allowed Defendants to sell their stock in the same at artificially inflated prices, to ABI's detriment. Defendants, who were under a duty to make truthful and complete disclosures to ABI, and to deliver the Neuralstem Certificate to the same, instead misrepresented or concealed material facts and withheld the Neuralstem Certificate without any justification.

31137836v1 838180 2866

44.    Defendants' conduct identified above contravenes Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

45.    ABI justifiably relied upon Defendants as heretofore alleged and were damaged thereby.

46.    As a result of the deceptive and manipulative scheme by the Defendants, ABI has been damaged in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

## FIFTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty Against Individual Defendants)

47.    ABI refers to the allegations contained in paragraphs 1 through 25, paragraphs 32 through 34 and paragraphs 39 through 45 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

48.    By reason of ABI's status as shareholder of Regal and the trust and confidence reposed by ABI upon the Individual Defendants, the Individual Defendants stood as fiduciaries to ABI and, consequently, owed the highest fiduciary duties of loyalty, fidelity and care to ABI. Defendants' fiduciary duties included, but are not limited to, the duty to disclose all material facts and developments relating to ABI's interests in Regal, the duty not to favor their own personal interests to the detriment of ABI, and the duty not to compromise the interests of ABI as a shareholder in Regal.

49.    Defendants breached their fiduciary duties to ABI as described at length above by, *inter alia*, falsely promising ABI that it would receive a pro rata dividend of a total of 500,000 shares of Neuralstem common stock; that the dividend would be distributed after the date Neuralstem's SB-2 registration statement was declared effective by the Securities and Exchange Commission; that the dividend would be delivered to ABI following the effective date of Neuralstem's registration statement, and that ABI would be informed of its distribution date.

31137836v1 838180 2866

50.     ABI is informed and believes, and based thereon alleges, that instead of complying with their promises and fiduciary obligations, the Individual Defendants instead concealed from ABI that the Neuralstem Certificate had issued, advised Neuralstem's transfer agent to deliver the Neuralstem Certificate to Currie and not to ABI, and withheld and continue to withhold the Neuralstem Certificate from ABI.

51.     As a direct and proximate result of the Individual Defendants' intentional breaches of fiduciary duties as described herein, ABI has been damaged in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

52.     ABI is informed and believes, and based thereon alleges, that the Individual Defendants, in doing the acts alleged, and in making the misrepresentations and fraudulent concealments as set forth hereinabove, acted purposefully to induce ABI into investing in Regal as a shareholder and continuing to maintain its interest in the company, to delay ABI's demand for the Neuralstem Certificate and thereby curtail its ability to sell its share of Neuralstem stock so as to manipulate the market price of the same, to keep ABI in the dark concerning Defendants' true intentions, all to the detriment of ABI, and in conscious disregard of ABI's rights.   In so doing, Defendants acted maliciously and fraudulently with the direct purpose and plan to oppress ABI, to injure and financially damage ABI for Defendants' financial gain and advantage, and by reason thereof, ABI prays herein for and alleges that ABI is entitled to recover exemplary and punitive damages by way of making an example of and punishing Defendants.

## SIXTH CLAIM FOR RELIEF

### (Conversion of the Neuralstem Certificate Against All Defendants)

53.     ABI refers to the allegations contained in paragraphs 1 through 25, paragraphs 32 through 34, paragraphs 39 through 45 and paragraphs 48 through 51 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

31137836v1 838180 2866

54.    ABI is the rightful owner of the Neuralstem Certificate and was entitled to its immediate and exclusive possession of its issuance.

55.    ABI is informed and believes and based thereon alleges, that Defendants have taken possession of the Neuralstem Certificate and continue to wrongfully exercise dominion and control over the same for their own benefit and to ABI's detriment.

56.    ABI has demanded the delivery of the Neuralstem Certificate but the Defendants have failed and refused and continue to fail and refuse to deliver the same.

57.    As a direct and proximate result of the Defendants' acts, ABI has suffered damages in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

58.    ABI is informed and believes, and based thereon alleges, that the Defendants, in doing the acts alleged, in making the misrepresentations and fraudulent concealments as set forth hereinabove, acted purposefully to induce ABI into investing in Regal as a shareholder and continuing to maintain its interest in the company, to delay ABI's demand for the Neuralstem Certificate and thereby curtail its ability to sell its share of Neuralstem stock so as to manipulate the price of the same, to keep ABI in the dark concerning Defendants' true intentions, all to the detriment of ABI, and in conscious disregard of ABI's rights.    In so doing, Defendants acted maliciously and fraudulently with the direct purpose and plan to oppress ABI, to injure and financially damage ABI for Defendants' financial gain and advantage, and by reason thereof, ABI prays herein for and alleges that ABI is entitled to recover exemplary and punitive damages by way of making an example of and punishing Defendants.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

31137836v1 838180 2866

## SEVENTH CLAIM FOR RELIEF

### (Breach of Agreement to Deliver the Regal Certificate

### Against All Defendants)

59.    ABI refers to the allegations contained in paragraphs 1 through 11 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

60.    ABI owns 38,415 shares of Regal's Series B Preferred Stock.  This Preferred Stock is convertible into 27.37% of Regal's common stock which can be sold to the public through the OTC Bulletin Board.  A stock certificate evidencing ABI's ownership of this Preferred Stock has been issued and re-issued by Regal (the "Regal Certificate").

61.    Under the terms of Regal's written Shareholder Agreement with ABI, Regal has obligated itself to deliver the Regal Certificate to ABI.

62.    Defendants breached their agreement by failing and refusing to deliver the Regal Certificate to ABI, and persisting in such refusal.

63.    ABI has performed all conditions and obligations required to be performed by it under their Shareholder Agreement with Regal, except for those conditions that were excused by the acts or conduct of the Defendants or which the Defendants prevented ABI from performing.

64.    As a direct and proximate result of Defendants' breaches of the Agreement, ABI suffered damages in an amount to be proven at trial, but in no event less than the jurisdictional minimum of this Court.

## EIGHTH CLAIM FOR RELIEF

### (Specific Performance of Agreement to Deliver the Regal Certificate

### Against All Defendants)

65.    ABI refers to the allegations contained in paragraphs 1 through 11 and paragraphs 60 through 63 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

31137836v1 838180 2866

66.    Defendants repudiated their obligations under Regal's Shareholder Agreement with ABI by failing and refusing to deliver the Regal Certificate and by persisting in such refusal.

67.    ABI has performed all conditions and obligations required to be performed by it under its Shareholder Agreement with Regal, except for those conditions that were excused by the acts or conduct of the Defendants or which the Defendants prevented ABI from performing.

68.    The consideration in the Shareholder Agreement is adequate and the terms of the Agreement are just and reasonable.

69.    ABI has no adequate remedy at law in that the Regal Certificate is unique and thus, damages would be difficult to ascertain and would not afford adequate relief. ABI is entitled to an order requiring Defendants to convey the Regal Certificate to ABI.

## NINTH CLAIM FOR RELIEF

### (Conversion of the Regal Certificate Against All Defendants)

70.    ABI refers to the allegations contained in paragraphs 1 through 11 and paragraphs 60 through 63 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

71.    ABI is the rightful owner of the Regal Certificate and is entitled to its immediate and exclusive possession.

72.    ABI is informed and believes and based thereon alleges, that Defendants have taken possession of the Regal Certificate and continue to wrongfully exercise dominion and control over the same for their own benefit and to ABI's detriment.

73.    ABI has demanded the delivery of the Regal Certificate, but the Defendants have failed and refused and continue to fail and refuse to deliver the same.

74.    As a direct and proximate result of the Defendants' acts, ABI has suffered damages in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

31137836v1 838180 2866

75.    ABI is informed and believes, and based thereon alleges, that the Defendants, in doing the acts alleged, making the misrepresentations and fraudulent concealments as set forth hereinabove, acted purposefully to induce ABI into investing in Regal as shareholders and continuing to maintain their interest in the company, to delay ABI's demand for the Regal Certificate and thereby curtail its ability to sell its share of Regal stock so as to manipulate the price of the same, to keep ABI in the dark concerning Defendants' true intentions, all to the detriment of ABI, and in conscious disregard of ABI's rights.   In so doing, Defendants acted maliciously and fraudulently with the direct purpose and plan to oppress ABI, to injure and financially damage ABI for Defendants' financial gain and advantage, and by reason thereof, ABI prays herein for and alleges that ABI is entitled to recover exemplary and punitive damages by way of making an example of and punishing Defendants.

**WHEREFORE**, ABI prays judgment against Defendants, and each of them, as follows:

As to the First, Third, Fourth, Fifth, Sixth, Seventh and Ninth Causes of Action:

1.    For general damages;

2.    For special damages for pecuniary loss.

As to the Third, Fourth, Fifth, Sixth and Ninth Causes of Action:

3.    For punitive damages according to proof.

As to the Second and Sixth Cause of Action:

4.    For an order requiring Defendants to convey to ABI the Neuralstem Certificate.

As to the Eighth and Ninth Cause of Action:

5.    For an order requiring Defendants to convey to ABI the Regal Certificate.

As to all Causes of Action:

31137836v1 838180 2866

6.    For an award of prejudgment interest at the maximum rate allowed by law.

7.    For an award of costs of suit, including reasonable attorneys' fees, as allowed by law.

8.    For such other relief as this Court may deem just and appropriate.

Dated: April 28, 2009                    HINSHAW & CULBERTSON LLP


By: _____
    Filomena E. Meyer
    Attorneys for Plaintiff
    AB INVESTMENTS LLC, a
    Colorado Limited Liability Company

31137836v1 838180 2866

DESMOND J. HINDS [SBN 105   1]
FILOMENA E. MEYER [SBN 151410]
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd. #800
Los Angeles, CA 90025
Tel: (310) 909-8000
Fax: (310) 909-8001
emails: dhinds@hinshawlaw.com; fmeyer@hinshawlaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AB INVESTMENTS, LLC, a Colorado Limited Liability Company, <br> PLAINTIFF(S) <br> V. <br> REGAL ONE CORPORATION, a Florida corporation; MALCOLM CURRIE, an individual residing in California; CARL PERRY, an individual residing in California; NEIL WILLIAMS, an individual residing in Florida; and CHARLES J. NEWMAN, an individual residing in Arizona, <br> DEFENDANT(S). | CASE NUMBER <br><br> **CV09-02983  RGK  (FFMx)** <br><br><br> **SUMMONS** |

TO:DEFENDANT(S):

A lawsuit has been filed against you.

Within 20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Desmond J. Hinds, Filomena E. Meyer , whose address is Hinshaw & Culbertson LLP, 11601 Wilshire Blvd. #800 Los Angeles, CA 90025. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 2 8 2009  _____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL

American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV09- 2983 RGK (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>AB INVESTMENTS, LLC, a Colorado Limited Liability Company | **DEFENDANTS**<br>REGAL ONE CORPORATION, a Florida corporation; MALCOLM CURRIE, an individual residing in California; CARL PERRY, an individual residing in California; NEIL WILLIAMS, an individual residing in Florida, and CHARLES J. NEWMAN, an individual residing in Arizona |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>DESMOND J. HINDS [SBN 105831]<br>FILOMENA E. MEYER [SBN 151410]<br>HINSHAW & CULBERTSON LLP<br>11601 Wilshire Blvd. #800, Los Angeles, CA 90025<br>(310) 909-8000; fax; (310) 909-8001 | **Attorneys** (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☒ **MONEY DEMANDED IN COMPLAINT: $** 700,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**        Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

CV09-02983

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Colorado |

(b)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Florida, Arizona |

(c)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_    Date April 28, 2009

Filomena E. Meyer

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com